# EXHIBIT C

**State of Wisconsin**
**DEPARTMENT OF NATURAL RESOURCES**
**101 S. Webster Street**
**Box 7921**
**Madison WI 53707-7921**

**Tony Evers, Governor**
**Karen Hyun, Ph.D., Secretary**
Telephone 608-266-2621
Toll Free 1-888-936-7463
TTY Access via relay - 711

WISCONSIN DEPT. OF NATURAL RESOURCES

September 26, 2025

Dustin Madlung
Environmental Manager
Ahlstrom Rhinelander LLC
Ahlstrom NA Specialty Solutions, LLC
515 Davenport Street
Rhinelander, WI 54501

Chris Parsons
Senior Legal Counsel
11 Canal Bank Road
Windsor Locks, CT 06096

Subject: Reported Contamination in the Town of Stella, Oneida County, Wisconsin
DNR BRRTS Activity #02-44-591257

To Whom It May Concern:

The Wisconsin Department of Natural Resources (DNR) collected a groundwater sample from a potable water well in the Town of Stella, Oneida County, Wisconsin in September 2022 as part of a statewide study to understand the occurrence of Per- and Polyfluoroalkyl Substances (PFAS) in shallow groundwater in Wisconsin. Analytical results from this sample detected elevated concentrations of PFAS. Subsequent investigation by the DNR and the US Environmental Protection Agency (USEPA) through Superfund site assessment work found widespread PFAS contamination in Stella Township in soil, groundwater, surface water, and sediment. Results of potable well sampling can be found in the Bureau for Remediation and Redevelopment (BRRTS) database which is available on the internet here: https://apps.dnr.wi.gov/rrbotw/botw-activity-detail?dsn=591257. The September 15, 2025, USEPA Superfund Site Inspection Report is available from the USEPA or through BRRTS.

On April 25, 2024, the DNR issued letters to Ahlstrom Rhinelander LLC and Ahlstrom NA Specialty Solutions LLC (collectively, Ahlstrom) and Wausau Paper Corp., Wausau Paper Mills, LLC, and Essity North America, Inc. (collectively, Wausau Paper), requesting information related to the generation, transportation, treatment, storage and/or disposal of PFAS or PFAS containing materials at sites or facilities within a three-mile radius of the Village of Starks, located in the Town of Stella, pursuant to Wis. Stat. § 292.31(1)(d). These entities own and operate, or have owned and operated, the paper mill located in Rhinelander at 516 West Davenport Street, Rhinelander (Facility). According to information provided by Ahlstrom and Wausau Paper in response to the information requests, Ahlstrom acquired the Facility in July 2018. Wausau Paper Corp. and/or Wausau Paper Mills, LLC owned and operated the Facility prior to selling it in 2013. Essity North America, Inc. acquired the Wausau Paper entities in 2016. Responses to these requests provided limited information on the use of PFAS and waste generated at sites or facilities within this area.

Records maintained by the DNR's Wastewater Program document that industrial sludge material generated from operations at the Facility has been applied via land spreading to multiple agricultural fields in the Town of Stella going back to at least 1996. This information was corroborated in the June 28, 2024, response from Ahlstrom to the DNR's April 25, 2024, letter. Publicly available information indicates that the Facility produced specialty paper products, including a greaseproof paper used in microwave popcorn bags (i.e., RHI-PEL 250), the

manufacturing of which involved the use of fluorochemicals to treat the paper. Fluorochemical treatments are known to contain PFAS, and PFAS have been documented in waste streams, such as industrial sludge, generated through similar manufacturing processes.

On behalf of the USEPA, the DNR collected groundwater, surface water, sediment and soil samples from the area of Stella Township near the Village of Starks and Snowden Lake where industrial sludge from the Facility were spread. The DNR also collected samples from areas where the DNR has no record of land spreading. Analytical results from soil samples collected from areas where industrial sludge from the Facility were land spread contained PFAS at concentrations orders of magnitude greater than PFAS concentrations in soil samples collected where DNR has no record of land spreading (September 15, 2025, Superfund Site Inspection Report, Stella Township PFAS Contamination).

The DNR has the authority to require a responsible party (i.e., a person who possesses, controls or causes a hazardous substance discharge) to comply with its responsibilities under Wisconsin Statutes (Wis. Stat). ch. 292 and Wisconsin Administrative (Wis. Admin.) Code chs. NR 700 to 799 and to regulate PFAS as a hazardous substance under Wis. Stat. ch. 292 if discharged to the environment. The DNR's longstanding authority to regulate hazardous substance discharges was recently reaffirmed by the Wisconsin Supreme Court in ***Wis. Manufacturers and Commerce, Inc. v. Wis. Natural Resources Board***, 2025 WI 26, 416 Wis. 2d 561, 21 N.W.3d 718. The court determined that the definition of "hazardous substance" in Wis. Stat. § 292.01(5) "does not require the DNR to promulgate rules identifying substances that qualify as 'hazardous substances' before administering the Spills Law." ***Id.***, ¶30. The court explained that the Spills Law gives the DNR "broad but explicit authority" to regulate substances discharged to the environment if the substance meets the definition of a hazardous substance under Wis. Stat. § 292.01(5). ***Id.***, ¶62. The court further explained that, "the Spills Law charges the DNR with ensuring that responsible parties fulfill their statutory duties to investigate and remediate discharges 'to restore the environment to the extent practicable' and to 'minimize the harmful effects of it.'" ***Id.*** (quoting Wis. Stat. 292.11(3))

The DNR understands that the Facility may believe it is not required to comply with the Spills Law, Wis. Stat. § 292.11, because WPDES permits issued to the Facility allow for land spreading. Wisconsin Stat. § 292.11(9)(a) provides that "[a]ny person holding a valid permit under ch. 283 is exempted from reporting and penalty requirements of this section with respect to substances discharged *within the limits authorized by the permit*." (Italics added.). This provision does not allow the Facility to discharge PFAS to the environment, as no WPDES permits issued to the Facility authorize the discharge of PFAS. Moreover, this provision only exempts a responsible party from the reporting and penalty provisions of the Spills Law; it does not exempt a responsible party from complying with its investigation and clean-up responsibilities under Wis. Stat. § 292.11(3).

The above information indicates Ahlstrom and Wausau Paper are responsible for the discharge of a hazardous substance or other environmental pollution (hereafter referred to as "contamination") at the above-described Site because they meet the definition of a "responsible party" under the Spills Law and Wis. Admin. Code § NR 700.03(51). "Site" refers to the property where contamination occurred and any other property it has migrated to, as defined in Wis. Admin. Code § NR 700.03(56). This letter explains how to initiate the investigation and cleanup of contamination of the Site, and how to access further information and assistance from the DNR.

**Legal Responsibilities:**

Persons meeting the definition of "responsible party" under the Spills Law and Wis. Admin. Code § NR 700.03(51) must follow applicable law to address the discharge of a hazardous substance to the environment or other environmental pollution. Wisconsin Stat. ch. 292 and Wis. Admin. Code chs. NR 700-799 provide specific requirements for undertaking appropriate response actions to address contamination, including requirements for

emergency and interim actions, public information, site investigations, remedy selection, design and operation of remedial action systems, and case closure.

**General Recommendations for Responsible Parties:**

The DNR recommends that you:

1. *Hire a Qualified Environmental Consultant*

To ensure response actions you plan to undertake comply with Wisconsin law, you should hire an environmental consultant within **30 days,** by October 26, 2025, to meet the regulatory deadlines listed below. A delay in hiring an environmental consultant could result in you missing key submittal deadlines.

Hiring a consulting firm with staff that have the appropriate state of Wisconsin qualifications to supervise and certify the submittals is a critical component and necessary to meet your requirements. Further, an environmental consultant should be knowledgeable of Wisconsin's technical procedures and laws and be able to answer questions regarding cleanup requirements. Required qualifications for environmental consultants are specified in Wis. Admin. Code ch. NR 712. See *Wis. Admin. Code ch. NR 712 Qualifications and Certifications* (RR-081), for more information.

2. *Properly Submit Reports on Time with Required Information Included*

Wisconsin law includes timeframes for submitting technical documents and conducting work, as well as specifications for what should be included in those submittals. This letter provides a general overview of the timeframes and first steps to take for site investigation and cleanup. For an overview of timing requirements, please refer to *NR 700 Process and Timeline Overview* (RR-967), *enclosed.*

The DNR developed the publication *Guidance for Electronic Submittals for the Remediation and Redevelopment Program* (RR-690)*,* to assist responsible parties and consultants in properly submitting documents. Wis. Admin. Code § NR 700.11 (3g), and other specific provisions within Wis. Admin. Code ch. NR 700, outline the requirements for submittals, including electronic submittals.

3. *Consider the Benefits of a Fee-based Technical Review of your Submittals*

In-depth DNR review of technical reports and submittals is available for a fee. The Remediation and Redevelopment (RR) Program project managers are available throughout the process to answer general questions and provide general input as the site moves toward case closure. However, if you want a formal, written response from the DNR, a meeting with the DNR or both on a specific submittal, a review fee will be required in accordance with Wis. Admin. Code ch. NR 749. **Obtaining technical assistance from DNR project managers throughout the process is an effective way to prevent problems and delays at the end of the process when case closure is requested.** Forms, a fee schedule and further information on technical assistance is available at dnr.wi.gov by searching "brownfield fees."

**Required Steps to Take and Documents to Submit:**

The steps listed below serve as a general overview only — all mandatory steps and submittals specified in Wis. Admin. Code, chs. NR 700-799 must be met before the DNR can grant case closure, which is a determination by the DNR that no further cleanup is necessary at a site, as defined in Wis. Admin. Code § NR 700.03 (3m).

1. **Immediate Actions – NR 708.09**: The law requires you to take any immediate actions needed to halt and minimize harmful effects, unless you are otherwise directed by the DNR, and to submit documentation

describing immediate actions and outcomes within 45 days after the initial hazardous substance discharge notification is given to the DNR. A final immediate action report should be submitted in accordance with Wis. Admin. Code § NR 708.09.

2. **Scoping and Work Plan Submittal – NR 716.07 and 716.09**: The law requires that you appropriately scope your site investigation and submit a work plan within **60 days of this notification,** by November 25, 2025, for completing a site investigation. The work plan must comply with the requirements in Wis. Admin. Code, chs. NR 700-799. For additional assistance, the DNR has extensive guidance on its website at dnr.wi.gov, search "site investigation scoping."

   Per Wis. Admin. Code § NR 716.07 and Wis. Admin. Code § NR 716.09, site investigation scoping and work plans should include an evaluation of the history of the site or facility, including industrial, commercial or other land uses that may have been associated with one or more hazardous substance discharges at the facility. In addition, an evaluation of the history of previous hazardous substance discharges or environmental pollution, the location of the site or facility, and its proximity to other sources of contamination must be included. Site investigation work plans should also include a sampling and analysis strategy to be used during field investigation that considers all information in the evaluation conducted under Wis. Admin. Code § NR 716.07. Emerging contaminants discharged to the environment, including perfluoroalkyl and polyfluoroalkyl substances (PFAS) and 1,4-dioxane, meet the definition of a hazardous substance or environmental pollution under Wis. Stat. § 292.01 and must be considered during site investigation scoping.

   Prior to and during a site investigation, you must evaluate whether any interim actions are needed to contain or stabilize a hazardous substance discharge or environmental pollution, pursuant to Wis. Admin. Code § NR 708.11. If you undertake an interim action (*e.g.*, free product removal), you must submit documentation of the action per Wis. Admin. Code § NR 708.15.

   As you develop the site investigation work plan, you must include an assessment of the vapor intrusion pathway. Wis. Admin. Code § NR 716.11 (5) outlines the requirements for when to evaluate for the presence of vapors in the sub-surface and in indoor air. The results and conclusions from the vapor assessment must be included in the Wis. Admin. Code § NR 716.15 site investigation report whether or not you elected to take vapor samples. *Addressing Vapor Intrusion at Remediation & Redevelopment Sites in Wisconsin* (RR-800), is available to help responsible parties and their consultants comply with these requirements.

3. **Field Investigation – NR 716.11**: Following submission of the work plan, the site investigation must be started within the timeframe provided under law. The timeframe varies depending on whether you are requesting the DNR's fee-based review of the work plan. If you do not request a fee-based review of the work plan, you must initiate the field investigation within 90 days of submitting the work plan, and you may proceed with the field investigation upon DNR notification to proceed; however, if the DNR has not responded within 30 days from submittal of the work plan, you may then proceed with the field investigation. If a fee and request for DNR review of the work plan is submitted, the field investigation must begin within 60 days after receiving DNR approval.

4. **Sample Results Notification Requirements – NR 716.14**: You must report sampling results to the DNR, owners, occupants and various other parties within 10 business days after receiving the sampling results, unless a different timeframe is approved by the DNR, in accordance with Wis. Admin. Code § NR 716.14.

5. **Site Investigation Report – NR 716.15**: Within 60 days after completion of the field investigation and receipt of the laboratory data, the law requires you to submit a Site Investigation Report (SIR) to the DNR. As part of the SIR or in the Remedial Actions Options Report (RAOR), if there is soil contamination, the responsible party shall identify the current land use (*i.e.*, industrial or non-industrial) and zoning for the site or

facility in accordance with Wis. Admin. Code § NR 720.05 (5). Also, as part of the SIR or in the RAOR, you must include any interim action report that may be required under Wis. Admin. Code § NR 708.15.

6. **Remedial Actions Options Report – NR 722**: Within 60 days after submitting the SIR, the law requires you to submit a RAOR. The selected remedy in the RAOR should include an evaluation of green and sustainable remediation criteria, as appropriate, as required by Wis. Admin. Code § NR 722.09 (2m). This may be submitted as part of a broader SIR.

7. **Remedial and Interim Action Design, Implementation, Operation, Maintenance and Monitoring Reports – NR 724**: Unless otherwise directed by the DNR, the responsible party shall submit all plans and reports required by Wis. Admin. Code ch. NR 724.

8. **Notification of Residual Contamination or Continuing Obligations – NR 725**: In situations where notification is required, the responsible party must provide a submittal(s) that confirms that continuing obligations have been identified and affected property owners have been notified by the responsible parties 30 days prior to case closure, as required by Wis. Admin. Code ch. NR 725 and § NR 726.13 (1) (d).

9. **Semi-Annual Reporting – NR 700.11**: Wis. Admin. Code § NR 700.11 (1) (a) requires responsible parties to submit semi-annual site progress reports to the DNR until case closure is granted. The reports summarize the work completed over six months and additional work planned to adequately complete the response action at the site. Consultants may submit these reports on behalf of responsible parties. These reports are due in January and July of each year. Please refer to DNR publication *NR 700 Semi-Annual Site Progress Report* (RR-082), for more information.

### Submittals required under Wis. Admin. Code chs. NR 700-799

These documents, as applicable, must be submitted to the DNR prior to the responsible party requesting case closure, unless otherwise directed by the DNR:

- ☐ Ch. NR 708 reports and documentation for any immediate or interim actions.
- ☐ Ch. NR 712 professional certifications and signatures are included with applicable submittals.
- ☐ Ch. NR 716 work plan(s) and site investigation report.
- ☐ Ch. NR 722 remedial action options report (exception is for Dry Cleaners Environmental Response Fund sites), with the selected remedial action identified.
- ☐ Ch. NR 724 design, construction documentation, operation, maintenance and monitoring plans and reports, including vapor mitigation commissioning.
- ☐ Ch. NR 725 submittal(s) that confirms that continuing obligations have been identified and affected property owners have been notified by the responsible parties 30 days prior to requesting case closure.
- ☐ If requesting case closure, the Ch. NR 726 case closure form and documentation substantiating compliance with the NR 700 rule series.
- ☐ Ch. NR 749 fees have been paid, as applicable, including closure and database fees.
- ☐ Ch. NR 700 semi-annual site progress reports starting six months after notification.

**Additional Information**:

The DNR tracks information on all cleanup sites in a DNR database available at dnr.wi.gov, search "BOTW." The Bureau for Remediation and Redevelopment Tracking System (BRRTS) identification number for this site is listed at the top of this letter. You may view information related to your site on this database at any time.

All correspondence regarding this site should be directed to:

John Sager
Remediation and Redevelopment Program
Wisconsin Department of Natural Resources
1701 N. 4th Street
Superior, WI 54880
John.Sager@Wisconsin.gov

To speed up processing, your correspondence should reference the BRRTS number listed at the top of this letter.

Submittals required under the NR 700 rule series should be sent to the DNR using the RR Program Submittal Portal at dnr.wi.gov, search "RR submittal portal" (https://dnr.wi.gov/topic/Brownfields/Submittal.html). Questions on using this portal can be directed to the contact below or to the environmental program associate (EPA) for the regional DNR office. Visit dnr.wi.gov, search "RR contacts" and select the EPA tab (https://dnr.wi.gov/topic/Brownfields/Contact.html).

Please visit the DNR's Remediation and Redevelopment Program web page at dnr.wi.gov, search "Brownfields" for information on selecting a consultant and understanding the investigation and cleanup process. Information regarding review fees, liability clarification letters, post-cleanup liability and more is also available.

If you have questions, please call the project manager at (715) 919-7239 for more information.

Thank you for your cooperation.

Sincerely,

Signed by:
Christine Sieger
6B9FB2B16CBE41C...

Remediation and Redevelopment Program Director
Wisconsin Department of Natural Resources

Enclosures:

RR-967, *NR 700 Process and Timeline Overview*
RR-502, *Selecting a Consultant*